**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENYATTA LAJUAN DANIELS,

                Petitioner,                    Case Number: 10-14543

v.                                      HON. JOHN CORBETT O'MEARA

LLOYD W. RAPELJE,

                Respondent.

_____/

**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF**
**HABEAS CORPUS WITHOUT PREJUDICE AND DENYING**
**CERTIFICATE OF APPEALABILITY**

Petitioner Kenyatta Lajuan Daniels has filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. Petitioner, presently incarcerated at the Saginaw

Correctional Facility in Freeland, Michigan, asserts that he is being held in violation of

his constitutional rights. Petitioner challenges his convictions for two counts of armed

robbery, felon in possession of a firearm, and felony firearm. The Court concludes that

Petitioner has not properly exhausted his state court remedies and dismisses without

prejudice the habeas corpus petition.

**I. Background**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted as

set forth above. On December 21, 2007, Petitioner was sentenced to 20 to 40 years'

imprisonment for the armed robbery, 1 to 5 years' imprisonment for the felon in

possession conviction, and five years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims: (i) trial court erred in failing to suppress evidence stemming from unduly suggestive photographic identification; (ii) prosecutorial misconduct; and (iii) ineffective assistance of trial counsel. The Michigan Court of Appeals affirmed his convictions. *People v. Daniels*, No. 283451 (Mich. Ct. App. June 4, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Daniels*, No. 139354 (Mich. Dec. 21, 2009).

On November 15, 2010, Petitioner filed the pending petition for a writ of habeas corpus. He raises the same claims raised on direct review in state court and a claim that the prosecutor elicited a materially false statement from the complaining witness.

## II. Discussion

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838,

2

842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner states that he has not presented his claim that the prosecutor elicited a materially false statement from the complaining witness to the Michigan Court of Appeals or Michigan Supreme Court. This claim, therefore, is unexhausted.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust,* 17 F.3d at 160. However, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute

of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary. Additionally, the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), is not at risk of expiring. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir.2000); S.Ct. Rule 13(1), in this case, on or about March 21, 2010. Thus, the one-year limitations period began the next day and ran for just over ten days until the pending petition was filed on November 15, 2010.

While the one-year limitations period is not statutorily tolled during the pendency of a federal habeas petition, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time may be equitably tolled by the Court so long as Petitioner diligently pursues his rights in state court. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (June 14, 2010 (holding that "§ 2244(d) is subject to equitable tolling").

Additionally, the one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. See 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Moreover, even if the limitations period is not equitably tolled during the pendency of this petition, over three months remain in the one-year limitations period. Petitioner thus has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

## III. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition should be dismissed without prejudice. Therefore, the Court will deny a certificate of appealability.

## IV. Conclusion

For the reasons stated, the Court **DISMISSES** the petition for a writ of habeas corpus without prejudice and **DENIES** a certificate of appealability.

**SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date:  December 3, 2010


I hereby certify that on December 3, 2010, a copy of the foregoing document was served upon Petitioner at the Saginaw Correctional Facility, 9625 Pierce Road, Freeland, Michigan 48623 by first-class U.S. mail.


s/William Barkholz
Case Manager